UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN H., on his own behalf and on behalf of his minor child, J.H.,

Plaintiff,

v.

HIGHLINE PUBLIC SCHOOLS; and LORI McEWEN,

Defendants.

C26-2388 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's motion for a preliminary injunction, docket no. 14. Having concluded that oral argument would not be beneficial, and having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Discussion**

Plaintiff Jonathan H., whose daughter J.H. is a student at Sylvester Middle School in Burien, Washington, seeks prospective relief premised on a disputed narrative about his daughter's past experiences in the Highline Public Schools ("Highline") system. Plaintiff relies primarily on *Mahmoud v. Taylor*, 606 U.S. 522 (2025), which is factually distinguishable and does not support the "extraordinary remedy" plaintiff requests. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A preliminary injunction is

"never awarded as of right," id., and to prevail on his pending motion, plaintiff must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that a balancing of equities tips in favor of a preliminary injunction; and (4) that an injunction is in the public interest, see id. at 20.[1] As will be explained, plaintiff has not demonstrated the requisite likelihood of irreparable harm.

Unlike in *Mahmoud*, in this case, no curriculum or policy that "substantially interferes with the religious development" of a student is involved. See 606 U.S. at 550. In *Mahmoud*, the Board of Education of Montgomery County in Maryland chose five books for use in the elementary school curriculum, and it told parents that (i) it would not provide them notice when the books would be used, and (ii) their children's attendance during periods when the books were in use was mandatory. Id. at 529–30. The Supreme Court reasoned that, in the absence of a preliminary injunction, the parents in *Mahmoud* would continue to face irreparable harm in the form of being required to choose between (a) risking their children's exposure to instruction burdensome to their free-exercise-of-religion rights or (b) paying substantial sums for alternative educational services. Id. at

---

[1] The Ninth Circuit has also articulated an alternative "sliding scale" approach pursuant to which the first and third *Winter* factors are analyzed on a continuum; under such standard, a weaker showing on the merits, combined with a stronger demonstration on the balancing test, might warrant preliminary injunctive relief, assuming the second and fourth *Winter* elements are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Under this "sliding scale" method, the movant need only raise "serious questions going to the merits," but the balance of hardships must tip "sharply" in the movant's favor. Id. at 1131–32; see also *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012).

569. In contrast, in this matter, Highline has not adopted any challenged curriculum or policy. Indeed, the LGBTQIA+ content about which plaintiff complains was presented at a student-designed, student-led, optional assembly. *See* McEwen Decl. at ¶¶ 11 & 14 (docket no. 18); *see also* Outlaw Decl. at ¶ 3 (docket no. 21).

In response to plaintiff's attorneys' letter on the subject, Highline has already taken steps to list future assemblies on the school calendar and has clarified that a parent opt-out is not required; students may decline to attend assemblies, on their own (without parental involvement), for any reason, and they may then go to an alternate location. *See* Ex. F to Ferguson Decl. (docket no. 17-6). Highline's website has recently been updated to include the following language:

> Students possess the constitutional right to the free exercise of religion and to have their schools free from sectarian control or influence. Students who choose not to participate in school activities which are offensive to their beliefs, shall not be penalized or subjected to pressure to choose between participation in such activities and their religious belief[s].

Ferguson Decl. at ¶ 12 & n.1 (docket no. 17) (quoting https://www.highlineschools.org/about/rights-and-responsibilities/student-rights). Moreover, according to Highline's Chief Policy and Strategy Officer, who is a licensed attorney, she has met with the leadership team at Sylvester Middle School, and they are aware of J.H.'s First Amendment rights[2] and will provide appropriate guidance to school staff. *Id.* at ¶ 2 & Ex. F.

---

[2] By letters dated March 8, 2022, and March 27, 2026, Highline's Chief Policy and Strategy Officer has already indicated that J.H. may distribute religious materials at school subject to certain neutral limitations, including a restriction against doing so during class or instructional times. *See* Exs. B & D to Ferguson Decl. (docket nos. 17-2 & 17-4). Highline has, however,

Plaintiff does not dispute the nature of the student assembly at issue, which was not part of the Sylvester Middle School curriculum, and which was not held pursuant to any Highline policy or formal requirement. Plaintiff also does not dispute that assemblies are optional, that Highline has committed to listing upcoming assemblies on the school calendar and has advised plaintiff in writing that J.H. may opt out of future assemblies, or that Highline's website contains language complying with the Supreme Court's guidance in *Mahmoud* and other decisions concerning how public schools should address matters involving the freedom of religion. Plaintiff has offered nothing more than speculation to support the proposition that "[e]ach day that passes without a binding notice-and-opt-out policy is a day on which [Highline] could again subject [his] daughter to programming that conflicts with [his] family's faith." *See* Jonathan H. Decl. at ¶ 54 (docket no. 14-2). Unlike the parents in *Mahmoud*, plaintiff has made no showing that he faces a choice between risking J.H.'s exposure to educational materials antithetical to his (and her) religious beliefs or expending funds for private school, and he has failed to demonstrate the requisite likelihood of irreparable harm in the absence of preliminary relief.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for a preliminary injunction, docket no. 14, is DENIED.

---

warned that it will intervene in J.H.'s proselytizing on school grounds if she disregards other students' stated preferences for not being offered the religious items or if her conduct violates Highline's policies against harassment, intimidation, or bullying. *See id.* Plaintiff identifies no manner in which these letters and the concepts outlined in them would violate his or J.H.'s First Amendment rights.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of September, 2026.

Thomas S. Zilly
United States District Judge